Nancy Korompis (SBN 268174)
Korompis Law Offices
PO Box 60011
Pasadena, CA  91116
T:  626-938-9200
F:  877-552-9252
*nancy@korompislaw.com*

Attorney for Debtor
Blanca Mohd

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANCDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>BLANCA MOHD,<br><br>        Debtor. | Case No. 1:21-bk-12075-VK<br><br>Chapter 11<br><br>**DEBTOR'S EX PARTE REQUEST FOR RELIEF FROM ORDER GRANTING RELIEF FROM STAY AT HEARING ON APRIL 27, 2022; DECLARATION OF NANCY KOROMPIS**<br><br>*Hearing:*<br>Date:         April 27, 2022<br>Time:         9:30 am<br>Courtroom: 21041 Burbank Blvd.,<br>                    Woodland Hills, CA 91367 |

TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY JUDGE;

OFFICE OF THE UNITED STATES TRUSTEE; U.S. BANK TRUST NATIONAL ASSOCIATION

(U.S. BANK, N.A.); OTHER INTERESTED PARTIES:

   BLANCA MOHD ("Debtor" herein) makes this Ex Parte Request for Relief from Order

Granting Relief from Stay (the "Ex Parte Motion") stating as follows.

1

**EX PARTE REQUEST FOR RELIEF FROM ORDER**

1   An Order was entered by the court on May 4, 2022, as Docket 82 (the "Relief from Stay Order") after there was neither a filed opposition nor appearance by Debtor's counsel at the hearing – due to a failure in counsel's office; Debtor's attorney failed to note that there was no calendaring of the Motion for Relief from the Automatic Stay filed April 1, 2022, by Creditor U.S. Bank Trust National Association, as Trustee of LB-Cabana Series IV Trust, its successors and/or assignees (the "Stay Relief Motion"), the hearing thereon or other deadlines related or contemporaneous thereto.

As background, on April 1, 2022, Movant filed the Stay Relief Motion stating Debtor was delinquent on her mortgage payments, whereas Debtor had, and has, paid the monthly mortgage amount of $1,700.00, as per the Court's Order Imposing a Stay or Continuing the Automatic Stay entered March 10, 2022, as docket 66 (the "Order Continuing the Stay") wherein the Court found that Debtor's bankruptcy case was not a bad faith filing and ordered Debtor to tender a regular monthly payment of $1,700.00 to Movant.

In its Stay Relief Motion, Movant appears not to argue that Debtor is not tendering the payment ordered by the Court or any payment but, rather, that the amount is not acceptable to Movant.  However, Movant had the opportunity to argue as to the adequacy of Debtor's proposed payment at the multiple hearings on Debtor's Motion for Order Imposing a Stay or Continuing the Automatic Stay filed January 13, 2022, and not adjudicated until March, 2022.  (The proposed payment is equal to principal, interest, insurance and undisputed property tax – it only omits disputed taxes.)  In addition to this Ex Parte Motion, Debtor's attorney is currently attempting to reach some agreement with Movant but is not certain a mutually agreeable resolution can be achieved.

At this time, Debtor respectfully asks the Court for relief from the order resulting from the absence of counsel to oppose the Stay Relief Motion or appear on her behalf on April 27, 2022, and asks for the opportunity to appear and argue against relief from the automatic stay.

Respectfully submitted,

Date: 5/17/2022                                     By:  /s/ Nancy Korompis
                                                         Nancy Korompis

**2**
**EX PARTE REQUEST FOR RELIEF FROM ORDER**

# MEMORANDUM OF POINTS & AUTHORITIES

**A.    THE COURT HAS THE AUTHORITY TO GRANT RELIEF**

The Court has the authority to grant relief on a variety of bases; two bases are Rule 60(b) of the *Federal Rules of Civil Procedure* ("FRCP") and 11 U.S.C. § 105(a).

**(1)    FRCP Rule 60(b)**

Rule 60(b) of the FRCP provides that a party may be granted relief from a final judgment order or proceeding: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons…"

**(2)    11 U.S.C. § 105(a)**

11 U.S.C. § 105 (a) provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

**B.    RELIEF UNDER FRCP 60(b)**

**(1)    Grounds for Relief**

The first reason cited by Rule 60(b)(1) of the FRCP as grounds for relief is "mistake, inadvertence, or excusable neglect" followed by (6) "any other reason that justifies relief."

**(2)    Debtor Qualifies for Relief Under Rule 60(B)**

Debtor's bankruptcy counsel inadvertently failed to calendar the Stay Relief Motion, deadlines related thereto or the hearing on the Stay Relief Motion and, as a result, failed to oppose it or appear at the hearing. As a result, the Court granted and entered the Relief from Stay Order. Counsel's inadvertent error is regrettable but not intentional; Debtor should not suffer the loss of property that is essential to her reorganization as a consequence.   Accordingly, the Court has the authority to grant relief and vacate the order so as to allow counsel to oppose the Stay Relief Motion and argue on Debtor's behalf on the grounds provided in FRCP Rule 60(b).

1 **C.    RELIEF UNDER 11 U.S.C. § 105(a)**

2     **(1)    Grounds for Relief**

3     11 U.S.C. § 105(a) sets out the broad authority of the Bankruptcy Court to make
4 orders and to enforce or implement them.  This authority can even be exercised sua sponte; the
5 Court has broad discretion.

6     **(2)    Debtor Qualifies for Relief**

7     As noted above, Debtor's counsel inadvertently failed to calendar the Stay Relief
8 Motion, the deadline to oppose or of the hearing thereon and failed to represent Debtor at the
9 hearing on the Stay Relief Motion; these errors are unfortunate but inadvertent and Debtor should
10 not be penalized for them.  Debtor qualifies for relief on this basis or as a result of the Court's
11 authority to grant relief resulting for "error, inadvertence or excusable neglect" or "for any other
12 reason that justifies relief."

13 **CONCLUSION**

14 Counsel and Debtor ask the Court to relieve Debtor from the Relief from Stay Order, and
15 to set an additional hearing for argument on the Stay Relief Motion so that Debtor's defenses
16 thereto may be considered.

17 The Court has the authority to grant the relief requested and Debtor qualifies for relief.
18 Respectfully submitted,

19 Date: 5/17/2022                                               By:  /s/ Nancy Korompis
20                                                                   Nancy Korompis
                                                                  *Attorney for Debtor*
21                                                                   Blanca Mohd

22

23

24

25

26

27

28

## DECLARATION OF NANCY KOROMPIS IN SUPPORT

I, Nancy Korompis, declare:

1. I am an attorney at law authorized to practice before the Federal Courts in the Central District and before this court. I am attorney of record for Debtor herein, Blanca Mohd. I have personal knowledge of the following facts other than those stated on information and belief, which I believe to be true, and if called upon to do so, I could and would competently testify thereto under oath, in a court of law.

2. I submit this Declaration in support of this Ex Parte Motion.

3. It was my inadvertent oversight in not personally calendaring, and of not noting the absence of any calendaring of Movant's Stay Relief Motion that resulted in my failure to oppose the Stay Relief Motion or appear at the hearing thereon and entry of the Relief from Stay Order.

3. Debtor would have filed an opposition to the Stay Relief Motion but for my oversight, and relief from the automatic stay would not have been granted as Debtor has been paying the mortgage payments in the amount set forth by the Court pursuant to the Order Continuing the Stay that was entered just three weeks before Movant's filing of the Relief from Stay Motion.

4. Debtor and I ask the Court for relief from the Order Granting Relief from the Automatic Stay entered May 4, 2022, and to set another hearing on the Stay Relief Motion so that Debtor's defenses thereto may be argued on her behalf.

9. I believe Debtor qualifies for the relief requested. I will contact Chambers to learn how the Court will proceed in regard to this Ex Parte Relief Motion and supplement with a draft order, notice of a hearing, or other documents in accord with the Court's instruction.

Sworn under penalty of perjury under the laws of the United States of America this 17th day of May, 2022.

                                           /s/ Nancy Korompis
                                           Nancy Korompis